UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TABATHA C. WILBON,

                          Plaintiff,

                                                                                 Case # 15-CV-756-FPG

v.

                                                                                 DECISION & ORDER

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF
SOCIAL SECURITY,

                          Defendant.

## INTRODUCTION

Plaintiff Tabatha C. Wilbon ("Plaintiff") brings this action to challenge the final decision of the Acting Commissioner of Social Security ("the Commissioner") denying Plaintiff's application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("the Act"). ECF No. 1. The Court has jurisdiction over this matter under 42 U.S.C. § 405(g).

Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. ECF Nos. 9, 10. For the reasons stated below, Plaintiff's motion (ECF No. 9) is GRANTED, the Commissioner's motion (ECF No. 10) is DENIED, and this matter is REMANDED for further administrative proceedings.

## BACKGROUND

On April 2, 2012, Plaintiff protectively filed an application for DIB under the Act. Tr.[1] 13. Plaintiff alleges disability since August 1, 2011 due to diabetes, high blood pressure, sickle cell retinopathy, bilateral vision loss, depression, anxiety, bilateral knee arthritis, aneurysms in

---

[1] References to "Tr." are to the administrative record in this matter.

both eyes, and severe headaches. Tr. 220. After Plaintiff's application was denied at the initial level, a hearing was held before Administrative Law Judge Robert T. Harvey ("the ALJ") on February 6, 2014. Tr. 31-66. At the hearing, Plaintiff appeared with her attorney Louis Schwartz and testified. *Id.* Josiah Pearson, a vocational expert ("the VE"), also testified. *Id.* On April 16, 2014, after considering Plaintiff's application *de novo*, the ALJ issued a decision finding that Plaintiff is not disabled within the meaning of the Act. Tr. 13-26. That decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on August 12, 2015. Tr. 1-5. Plaintiff then filed this civil action. ECF No. 1.

## LEGAL STANDARDS

**I.  Disability Determination**

The Act defines "disability" as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d). Social Security Administration ("SSA") regulations outline the five-step process used to determine whether a claimant is "disabled" under the Act. 20 C.F.R. § 404.1520.

First, the ALJ must determine whether the claimant is engaged in any substantial gainful work activity. 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. *Id.* If not, the ALJ proceeds to step two and determines whether the claimant has a "severe" impairment or combination of impairments. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the claimant is not disabled. *Id.* If the claimant does, the analysis proceeds to step three.

At step three, the ALJ must determine whether the claimant has an impairment (or combination of impairments) that meets or medically equals one of the conditions listed in 20

C.F.R. Part 404, Subpart P, Appendix 1 of the regulations ("the Listings"). If the impairment does meet or equal a condition in the Listings and the durational requirement (20 C.F.R. § 404.1509) is satisfied, then the claimant is disabled. 20 C.F.R. § 404.1520(d). If it does not, the ALJ will make a finding regarding the claimant's residual functional capacity ("RFC"), which is an assessment of what the claimant can still do despite his or her limitations. 20 C.F.R. § 404.1545(a)(1). The RFC is then used at steps four and five. 20 C.F.R. § 404.1520(e).

The fourth inquiry is whether, given the claimant's RFC, the claimant can still perform his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform his or her past relevant work, the claimant is not disabled. *Id.* If he or she cannot, the ALJ proceeds to step five.

At the fifth and final step, the ALJ must consider the claimant's RFC as well as his or her age, education, and work experience to determine whether the claimant can make an adjustment to other work for which there are a significant number of jobs in the national economy. 20 C.F.R. § 404.1520(g). If the claimant can make an adjustment to other work, then the claimant is not disabled. *Id.* If the claimant cannot make that adjustment, then the claimant is disabled. *Id.*

The burden of proving the first four elements is on the claimant, and the burden of proving the fifth element is on the Commissioner. *Bush v. Shalala*, 94 F.3d 40, 44-45 (2d Cir. 1996); *Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982).

II.     **District Court Review**

District Court review of the Commissioner's decision is not *de novo*. *See, e.g.*, *Richardson v. Barnhart*, 443 F. Supp. 2d 411, 416 (W.D.N.Y. 2006) (quoting *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999)). The Commissioner's decision may only be set aside if it is not supported by "substantial evidence" or is the product of legal error. *See, e.g.*, *Miller v. Colvin*, 85 F. Supp. 3d 742, 749 (W.D.N.Y. 2015); *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008)

(quoting *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000)).  Substantial evidence means "more than a mere scintilla" and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Burgess*, 537 F.3d at 127 (quoting *Halloran v. Barnhart*, 362 F.3d 28, 31 (2d Cir. 2004)) (internal quotation marks omitted).

## DISCUSSION

**I.      The ALJ's Decision**

In this case, the ALJ analyzed Plaintiff's claim for benefits under the process described above.  At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since August 1, 2011, her alleged onset date.  Tr. 14.  At step two, the ALJ found that Plaintiff has the following severe impairments: "obesity, diabetes, diabetic proliferative retinopathy, adjustment disorder with anxiety and depression."  *Id.*  At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals a Listings impairment.  Tr. 15-18.

The ALJ then determined Plaintiff's RFC.  Tr. 18-24.  Specifically, the ALJ found that Plaintiff could lift, carry, push, or pull 20 pounds occasionally and 10 pounds frequently.  Tr. 18.  The ALJ also found that Plaintiff could sit two hours in an eight-hour workday and stand or walk six hours in an eight-hour workday.  *Id.*  Although the ALJ found that Plaintiff retains the ability to perform the basic mental demands of unskilled work, he also noted that Plaintiff "would have occasional limitations in the ability to understand, remember and carry out detailed instructions."  *Id.*  Lastly, the ALJ found that Plaintiff "has occasional limitations in near acuity and peripheral vision."  *Id.*

At step four, the ALJ found that Plaintiff's RFC renders her unable to perform her past relevant work as a receptionist and as a secretary.  Tr. 24.

At step five, the ALJ relied on the VE's testimony and found that considering Plaintiff's age, education, work experience, and RFC, Plaintiff is capable of making a successful adjustment to other work that exists in significant numbers in the national economy.[2] Tr. 25-26. Accordingly, the ALJ found that Plaintiff is not disabled under the Act. *Id.*

## II.     Plaintiff's Challenge to the ALJ's Decision

Plaintiff argues that this case should be remanded to the Commissioner for reconsideration in light of new evidence.[3] ECF No. 9-1, at 16-19. First, Plaintiff submits two letters from radiologist Lawrence Liebman, M.D. ("Dr. Liebman") regarding x-rays of Plaintiff's lumbosacral spine and left knee that were performed on October 28, 2015. ECF No. 9-2. Second, Plaintiff points to reports dated May 16, 2014, July 18, 2014, and July 22, 2014 from eye surgeon Martin Boscarino, M.D. ("Dr. Boscarino"), who performed surgery on Plaintiff's left eye on July 21, 2014. Tr. 71-76, 85-86, 87-91. Although the x-rays do not provide a sufficient basis for remand, the Court agrees with Plaintiff that this case should be remanded for consideration of the reports from Dr. Boscarino.

### A.     X-Rays

Pursuant to 42 U.S.C. § 405(g), a reviewing court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding."

In *Tirado v. Bowen*, 842 F.2d 595, 597 (1988), the Second Circuit elaborated on this language and held that a claimant seeking remand for consideration of additional evidence must satisfy a three-part test. First, the claimant must show that the proffered evidence is "new and

---

[2]     Specifically, the ALJ found that Plaintiff could perform the requirements of a Telephone Quotation Clerk and a Sales Attendant. Tr. 26.
[3]     Plaintiff also argues that the case should be remanded because the ALJ erred in considering the opinion of nurse practitioner Ricardo Melendez ("NP Melendez"). ECF No. 9-1, at 12-16. Because remand is warranted solely on the basis of new evidence, the Court declines to reach Plaintiff's argument regarding NP Melendez.

not merely cumulative of what is already in the record." *Id.* Second, the claimant must show that the evidence is "material." *Id.* In this context, the concept of materiality requires both that the evidence is relevant to the time period for which benefits were denied and that there is a reasonable possibility that the evidence would have affected the outcome of the claimant's application. *Id.* Third, the claimant must show "good cause" for failing to present the evidence earlier. *Id.*

Here, Plaintiff submitted two letters from Dr. Liebman regarding x-rays of Plaintiff's lumbosacral spine and left knee that were performed on October 28, 2015. ECF No. 9-2. In the first letter, Dr. Liebman wrote that the x-ray of Plaintiff's lumbosacral spine shows "mild degenerative spondylosis" but that there was no compression fracture. *Id.* at 2. Dr. Liebman also noted that there were "degenerative changes." *Id.* In the second letter, Dr. Liebman wrote that the x-ray of Plaintiff's left knee does not demonstrate any evidence of "fracture, dislocation or destructive bony lesion," but that "[t]here is moderate medial and mild patellofemoral DJD (joint space narrowing and osteophyte formation)." *Id.* at 3.

This x-ray evidence fails the materiality prong of the *Tirado* test. In her brief, Plaintiff contrasts the October 28, 2015 x-rays with similar x-rays that were taken on June 12, 2012.[4] ECF No. 9-1, at 17-18. But even assuming for the sake of argument that the 2015 x-rays show significant worsening in Plaintiff's back and knee as compared to the 2012 x-rays, there is no indication that the 2015 x-rays—which were taken more than a year after the ALJ's decision—shed light on Plaintiff's condition *during the period for which benefits were denied*. The fact that Dr. Liebman noted "degenerative changes" in Plaintiff's lumbosacral spine in 2015 could mean that Plaintiff's back condition worsened at some point between the 2012 x-ray and the ALJ's decision in 2014, but it could just as easily mean that Plaintiff's back condition worsened

---

[4] The 2012 x-ray of Plaintiff's lumbosacral spine did not show any significant abnormalities. Tr. 322. The 2012 x-ray of Plaintiff's left knee showed "medial joint space narrowing." Tr. 323.

sometime in the year *after* the ALJ's decision.  Although evidence that postdates the ALJ's decision is not irrelevant *per se*, *see Pollard v. Halter*, 377 F.3d 183, 193 (2d Cir. 2004), the burden is on the claimant to show that the criteria under § 405(g) and *Tirado* are satisfied.  *See Mulrain v. Comm'r of Soc. Sec.*, 431 F. App'x 38, 39 (2d Cir. 2011); 42 U.S.C. § 405(g) (requiring "a showing" by the claimant); *Tirado*, 842 F.2d at 597 (holding that claimants "must show," among other things, that the proffered evidence is material).  Absent some kind of evidence or reasoning[5] to support her position, Plaintiff has failed to show that the 2015 x-rays are material to the relevant time period.  *See Collins v. Comm'r of Soc. Sec.*, 960 F. Supp. 2d 487, 501 (S.D.N.Y. 2013).

### B. Reports From Dr. Boscarino

As a threshold matter, the parties disagree about what standard the court should apply with respect to the reports from Dr. Boscarino regarding Plaintiff's eye surgery.  These reports, unlike the 2015 x-rays, were previously submitted to the Appeals Council as part of Plaintiff's request for review of the ALJ's decision.  Tr. 2, 275.  The Appeals Council denied Plaintiff's request for review.  Tr. 1-6.  In her motion for judgment on the pleadings, Plaintiff analyzes this evidence under the *Tirado* standard described above.  *See* ECF No. 9-1, at 16-19.  The Commissioner, on the other hand, simply defends the Appeals Council's decision to deny review and cites 20 C.F.R. § 404.970(b), which governs how the Appeals Council treats additional evidence.  *See* ECF No. 10-1, at 16-18.

District courts throughout the Second Circuit appear to be split regarding whether the *Tirado* standard applies to evidence that was previously submitted to the Appeals Council.  *Compare Rye v. Colvin*, No. 2:14-CV-170, 2016 WL 632242, at *14 (D. Vt. Feb. 17, 2016)

---

[5]   Plaintiff's only reasoning on this point consists of two conclusory statements.  *See* ECF No. 9-1, at 17 ("Although the new X-rays were performed over a year after the ALJ decision, they are probative of her condition prior to the decision."), 18 ("Clearly, Ms. Wilbon is suffering from osteoarthritis and suffered from it during the relevant period prior to the ALJ decision.").

(applying the *Tirado* standard to evidence that was submitted to the Appeals Council), *and Carrera v. Colvin*, No. 1:13-CV-1414, 2015 WL 1126014, at *8-10 (N.D.N.Y. Mar. 12, 2015) (same), *with Hopkins v. Colvin*, No. 13 CIV. 4803, 2014 WL 4392209, at *4 n.3 (S.D.N.Y. Sept. 5, 2014) (rejecting the argument that *Tirado* applies to evidence previously submitted to the Appeals Council), *and Seifried ex rel. A.A.B. v. Comm'r of Soc. Sec.*, No. 6:13-CV-0347, 2014 WL 4828191, at *4-5 (N.D.N.Y. Sept. 29, 2014) (same).

This Court finds the authority for not applying *Tirado* in this context more persuasive. Section 405(g) allows a reviewing court to "order additional evidence to be taken before the Commissioner of Social Security" and requires a showing of good cause "for the failure to incorporate such evidence into the record in a prior proceeding," but here the evidence *was already* before the Commissioner and incorporated into the record[6] when Plaintiff requested review by the Appeals Council. Similarly, the first *Tirado* prong requires that the evidence not be cumulative "of what is already in the record." *Tirado*, 842 F.2d at 597.

Furthermore, under 20 C.F.R. § 404.970(b), claimants are expressly authorized to submit new evidence to the Appeals Council without showing "good cause." *See* 20 C.F.R. § 404.970(b); *Perez*, 77 F.3d at 45. Rather, "[t]he only limitations stated in [§ 404.970(b)] are that the evidence must be new and material and that it must relate to the period on or before the ALJ's decision." *Perez*, 77 F.3d at 45. Requiring claimants to show good cause on judicial review would conflict with the SSA's own regulations and possibly undermine its regulatory framework. Therefore, this Court aligns with the courts in *Hopkins* and *Seifried ex rel. A.A.B.* in

---

[6]   Plaintiff argues that the Appeals Council "refused" to incorporate the reports from Dr. Boscarino in the record. ECF No. 13, at 6. Although Plaintiff is correct that the Appeals Council did not include the reports in its Exhibits List (Tr. 5) or in the Order of Appeals Council (Tr. 6) designating other documents as part of the record, the reports ultimately were included as part of the record before this Court. *See* Tr. 71-76, 85-86, 87-91; *Perez v. Chater*, 77 F.3d 41, 45 (2d Cir. 1996) ("Because the regulations require the Appeals Council to review the new evidence, this new evidence must be treated as part of the administrative record.").

holding that the *Tirado* standard does not apply to evidence that was previously submitted to the Appeals Council for review.

Instead, because Dr. Boscarino's reports were previously submitted to the Appeals Council, the standard articulated in 20 C.F.R. § 404.970(b) provides a more appropriate benchmark. Pursuant to that regulation, the Appeals Council must consider additional evidence that a claimant submits after the ALJ's decision if it is new, material, and relates to the period on or before the ALJ's decision. 20 C.F.R. § 404.970(b); *Perez*, 77 F.3d at 45. If the Appeals Council fails to fulfill its obligations under § 404.970(b), "the proper course for the reviewing court is to remand for reconsideration in light of the new evidence." *McIntire v. Astrue*, 809 F. Supp. 2d 13, 21 (D. Conn. 2010) (citing *Milano v. Apfel,* 98 F. Supp. 2d 209, 216 (D. Conn. 2000)); *see also Seifried ex rel. A.A.B.*, 2014 WL 4828191, at *4-5.

Here, Plaintiff submitted to the Appeals Council certain reports from Dr. Boscarino dated May 16, 2014, July 18, 2014, and July 22, 2014. Tr. 71-76, 85-86, 87-91. These reports document the fact that Plaintiff had surgery on her left eye on July 21, 2014 and that her right eye had become significantly more impaired. *Id.* On May 16, 2014, Dr. Boscarino noted that Plaintiff's right eye had become worse with constant blurry vision and floaters that were "like blood swirling" in Plaintiff's eye. Tr. 71. Plaintiff's visual acuity in her right eye had worsened to 20/40. *Id.* On July 22, 2014, Dr. Boscarino noted that Plaintiff's visual acuity in her right eye had worsened even more to 20/60. Tr. 90.

The Appeals Council denied Plaintiff's request for review of the ALJ's decision. Tr. 1-6. In its Notice of Appeals Council Action, the Appeals Council stated the following:

> We considered the reasons you disagree with the [ALJ's] decision and the additional evidence listed on the enclosed Order of Appeals Council.[7] We considered whether the [ALJ's] action, findings or conclusion is contrary to the weight of the evidence

---

[7] As noted above, the reports from Dr. Boscarino were not included in the Order of Appeals Council. Tr. 6.

9

> currently of record (see 20 C.F.R. 404.970). We found that this information does not provide a basis for changing the [ALJ's] decision.
>
> We also looked at treatment records from [Dr. Boscarino] dated May 16, 2014 through July 31, 2014 . . . The [ALJ] decided your case through April 16, 2014. This new information is about a later time. Therefore, it does not affect the decision about whether you were disabled beginning on or before April 16, 2014.

Tr. 2.

The Appeals Council erred when it failed to address the reports from Dr. Boscarino in accordance with § 404.970(b). The reports from Dr. Boscarino were certainly "new" because they were generated after the ALJ's decision on April 16, 2014 and were not merely cumulative of other evidence in the record. *Milano*, 98 F. Supp. 2d. at 215.

Furthermore, the Appeals Council erred as a matter of law when it categorically refused to consider Dr. Boscarino's reports solely because they postdate the ALJ's decision. "Additional evidence may relate to the relevant time period even if it concerns events after the ALJ's decision, provided the evidence pertains to the same condition previously complained of by the plaintiff." *Hightower v. Colvin*, No. 12-CV-6475, 2013 WL 3784155, at *3 (W.D.N.Y. July 18, 2013) (citing *Brown v. Apfel*, 174 F.3d 59, 64-65 (2d Cir. 1999)).[8] The evidence from Dr. Boscarino concerns the same eye condition that Plaintiff complained about in her application and at her hearing.

The reports were also material in the sense that, if considered by the Appeals Council, they would have undermined key aspects of the ALJ's decision. Courts throughout the Second Circuit have held that evidence of a post-decision surgery may be relevant and material to whether a claimant was previously disabled. *Balke v. Barnhart*, 219 F. Supp. 2d 319, 321-22 (E.D.N.Y. 2002); *Clemons v. Astrue*, No. 12-CV-269, 2013 WL 4542730, at *7 (W.D.N.Y. Aug. 27, 2013); *Tirado v. Bowen*, 705 F. Supp. 179, 182 (S.D.N.Y. 1989). This is especially true

---

[8] *Hightower* involved an application for supplemental security income under Title XVI of the Act, but the standard that must be followed by the Appeals Council when faced with additional evidence is the same under Title XVI as it is under Title II. *Compare* 20 C.F.R. § 404.970(b) *with* 20 C.F.R. § 416.1470(b).

where, as here, the ALJ discounted the claimant's credibility. *Sharpe v. Sullivan*, 802 F. Supp. 938, 941-42 (W.D.N.Y. 1992); *Espinar v. Shalala*, 94-CV-6849, 1995 WL 679236, at *2 (S.D.N.Y. Nov. 15, 1995). Plaintiff testified at her hearing that she was going to have surgery on her left eye in the near future. Tr. 55-56. She also testified that her right eye had also started bleeding "this past weekend." Tr. 56. However, in his decision, the ALJ merely observed that Plaintiff had laser surgery in her left eye in 2009 and 2010 and then noted that Plaintiff "further stated that she will have another laser surgery soon but she could not provide the date for the prospective additional surgery." *Id.* The ALJ also relied on a consultative eye exam from June 12, 2012 in which Plaintiff's visual acuity in her right eye was 20/25 and the examiner noted that Plaintiff could read and operate a motor vehicle. Tr. 21 (citing Tr. 329-334). The reports from Dr. Boscarino, which document Plaintiff's third surgery and the worsening of her right eye only a few months after the ALJ's decision, confirm Plaintiff's hearing testimony and undermine the ALJ's credibility analysis.

Because Dr. Boscarino's reports consist of new and material evidence relating to the period on or before the ALJ's decision, the Appeals Council erred by summarily rejecting and failing to consider them. 20 C.F.R. § 404.970(b). In light of this new evidence, the Commissioner's decision is not supported by substantial evidence and must be remanded.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion for Judgment on the Pleadings (ECF No. 9) is GRANTED and the Commissioner's Motion for Judgment on the Pleadings (ECF No. 10) is DENIED. This matter is REMANDED to the Commissioner for further administrative proceedings in accordance with this decision. *See* 42 U.S.C. § 405(g). The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: September 28, 2016
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court